O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **PATRICK MAHONEY, ET AL,** | ) | **CASE NO. SACV 08-0561 AG (CWx)** |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| **FIDELITY NATIONAL TITLE COMPANY,** | ) ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

Before the Court is the Motion ("Motion") to Dismiss the Second, Third, and Fourth Claims for Relief of Plaintiff's Second Amended Complaint ("SAC") filed by Defendant Fidelity National Title Company ("Defendant"). After considering all papers and arguments presented, the Court GRANTS Defendant's Motion with leave to amend.

**BACKGROUND**

In this section, the Court accepts as true the facts alleged in the Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss the Second, Third, and Fourth

Counts of Plaintiff's Second Amended Complaint ("Opposition").  Plaintiff Patrick Mahoney ("Plaintiff") refinanced his residential mortgage.  (Opposition 7:21-22.)  Plaintiff retained Defendant to serve as his escrow agent.  (*Id.* 7:23-24.)  Defendant referred Plaintiff's title insurance to third party Title Source Ltd.  (*Id.* 7:26-28.)  Title Source charged Plaintiff for title services an amount set by a rate schedule filed with the Michigan Insurance Commissioner.  (Defendant's Reply in Support of Its Motion to Dismiss the Second, Third, and Fourth Claims of Plaintiff's Second Amended Complaint ("Reply")).

Based on these facts, Plaintiff asserts these four claims against Defendant, numbered as in the SAC: first, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; second, violation of California's Unfair Competition Act, Bus. & Prof. Code § 17200 *et seq.*; third, violation of California Consumers' Legal Remedies Act, Cal. Civ. Code §§ 1750-1782; and fourth, money had and received and unjust enrichment.  Defendant moves to dismiss the Second, Third, and Fourth Claims for Relief.

## **LEGAL STANDARD**

A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Fed R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  "Ordinary pleading rules are not meant to impose a great burden upon a plaintiff."  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)).  Thus, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief."  *Bell Atlantic*, 127 S.Ct. at 1965.  Conversely, a complaint should be dismissed for failure to state a claim where the factual allegations do not raise the "right of relief above the speculative level."  *Id*.

1  The Court must accept as true all factual allegations in the complaint and must draw all
2 reasonable inferences from those allegations, construing the complaint in the light most
3 favorable to the plaintiff.  *Westland Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.
4 1993); *see also Enesco Corp v. Price/Costco, Inc*., 146 F.3d 1083, 1085 (9th Cir. 1988).
5 However, courts are not required "to accept as true allegations that are merely conclusory,
6 unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*,
7 266 F.3d 979, 988 (9th Cir. 2001).
8  Dismissal without leave to amend is appropriate only when the Court is satisfied that the
9 deficiencies of the complaint could not possibly be cured by amendment.  *See Jackson v. Carey*,
10 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996));
11 *See also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**ANALYSIS**

**1.  PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200**

California Business and Professions Code § 17204 addresses a plaintiff's standing to assert an unfair competition claim.  A private individual may bring a claim under § 17204 only if he has: (1) "suffered an injury in fact," and (2) "lost money or property as a result of such unfair competition."  *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 812 (2007).

**1.1  Injury in fact**

Plaintiff must allege either: (1) a "distinct and palpable injury" that is a "result of the defendant's actions," or (2) an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. at 814.

Defendant argues that Plaintiff does not allege an economic injury because Plaintiff "does not allege that he paid more for the insurance due to the alleged referral fee purportedly received

3

by Fidelity or that he could have bought the same insurance for a lower price directly from a title insurance company or that he was dissatisfied with the insurance or uninformed of its price." (Motion 6:8-13.) Defendant cites *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583 (2008). In that case, the Petersons brought suit for, among other things, unfair competition under § 17200 et seq. *Id.* at 1586. The appellate court found that the trial court correctly sustained Cellco's demurrer on this cause of action. *Id.* at 1591. The appellate court noted, "[P]laintiffs here do not allege they paid more for the insurance due to defendant's collecting a commission. They do not allege they could have bought the same insurance for a lower price either directly from the insurer or from a licensed agent. Absent such an allegation, plaintiffs have not shown they suffered actual economic injury. Rather, they received the benefit of their bargain, having obtained the bargained for insurance at the bargained for price." *Id.*

Defendant also cites *Simas v. Public Storage, Inc.*, 2008 Cal. App. Unpub. LEXIS 5213 (2008). (Motion 5:11-28.) In that case, the appellate court found the trial court properly sustained Public Storage's demurrer on Simas's § 17200 cause of action because Simas could not demonstrate an injury in fact as required by § 17204. The court reasoned that Simas did "not allege she paid more for the insurance due to defendant's collecting a commission. She [did] not allege she could have bought the same insurance for a lower price either directly from the insurer or from a licensed agent." *Id.* The court concluded that "[a]bsent such an allegation, plaintiff has not shown she suffered actual economic injury. Rather, she received the benefitr of the bargain, having obtained the bargained for insurance at the bargained for price." *Id.* at * 12-13.

The Opposition's sprawling response cites about two dozen cases. Some of these cases clearly are not relevant. For example, *Kay v. Wells Fargo & Co.,* 247 F.R.D. 572, 576 (N.D. Cal. 2007), is cited for the proposition that "the filed rate doctrine cannot bar [a plaintiff's] claims from going forward" when the "plaintiff is alleging that she paid an excess amount of money due to a violation of RESPA." (Opposition 15:27-16:2.) Here, Plaintiff has made no allegation that he paid an "excess amount of money" due to a violation of RESPA.

The Opposition cites other cases that provide policy arguments which are forceful but not on point. For example, *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1031 (S.D.N.Y. 1993),

states: "The filed tariff doctrine is designed to protect utilities charging filed rates for lawfully protected services. It is of no help to a defendant which fraudulently induces a plaintiff to pay a filed rate or which otherwise exacts payment by fraud." (Opposition 14: 15-21.)

But this section of the Opposition does not cite any cases that deal with standing under § 17200 et seq. Defendant notes, "The standing requirement under [] § 17204 is stringent and bears no resemblance to the injury standing required under RESPA or the other claims referenced in the Opposition." (Reply 9:11-13.) The Court agrees. Defendant provides strong policy arguments closely tied to applicable precedent. Plaintiff provides only policy arguments which are strong but not on point. To show a distinct and palpable economic injury under the actual injury aspect of the injury in fact prong of § 17204 standing, a plaintiff must plead that he paid more for the insurance due to the referral fee, could have bought the same insurance for a lower price directly from a title insurance company, or was dissatisfied with the insurance or uninformed of its price. Plaintiff fails to do any of these things, so Plaintiff fails this aspect. Plaintiff also fails to assert that he has suffered the invasion of a legally protected interest, because he received the benefit of the bargain.

### 1.2     Loss of Money or Property

Because the Plaintiff fails to satisfy the first prong, the Court need not analyze the second prong.

### 1.3     Conclusion

Plaintiff fails to assert that he suffered an injury in fact. Thus, Plaintiff's § 17200 claim fails. The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Second Claim for Relief.

## 2. PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF THE CLRA

The CLRA applies to transactions "intended to result or which result[] in the sale or lease of goods or services . . . ." Cal. Civ. Code § 1770(a). The California Supreme Court has explained that "insurance is technically neither a 'good' nor a 'service' within the meaning of the [CLRA]" *Serv. Emps. Ins. Co. v. Superior Court of San Francisco*, 22 Cal. 3d 362, 376 (1978); *see also Micliaccio v. Midland Nat. Life Ins. Co.*, 436 F. Supp. 2d 1095, 1108-09 (C.D. Cal. 2006) (granting motion to dismiss CLRA claim because "annuities," a type of insurance, are not "goods" or "services" under the CLRA).

Plaintiff disagrees but provides broad policy arguments and cases that are not on point. Further, Plaintiff asks this Court to accept a definition of "service" so broad as to encompass a potentially unlimited universe. The Court declines to do so. The Court GRANTS Defendants' Motion as to Plaintiff's Third Claim for Relief.

## 3. PLAINTIFF'S FOURTH CLAIM FOR MONEY HAD AND RECEIVED AND UNJUST ENRICHMENT

### 3.1 The Claim for Money Had and Received

The essential allegations of a claim for money had and received are (1) a statement of indebtedness in a "certain sum," (2) consideration, and (3) nonpayment. *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 460 (1997). A claim for money had and received is stated where a plaintiff alleges that a defendant is "indebted to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.'" *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (1994). Here, Plaintiff does not sufficiently allege that Defendant is "indebted" to the Defendant. While Defendant did receive money in a certain sum from the Plaintiff, there is no allegation of nonpayment. In return for Plaintiff's money, Defendant provided the agreed-upon service: a title insurance policy. While Plaintiff alleges that the money received "should

1  have been given to Plaintiff or used for his benefit," it is clear that the money received *was* used
2  for Plaintiff's benefit.  (Opposition 23:1-2.)  In return for the money, he was provided the
3  insurance policy he sought.
4        Citing *Schultz*, 27 Cal. App. 4th at 1623, and *Smith v. Randall*, 51 Cal. App. 2d 195, 196-
5  97 (1942), Plaintiff also points out that a claim for money had and received is available where
6  "the plaintiff has paid money to the defendant pursuant to a contract which is void for illegality."
7  (Opposition 23:8-10.)  *Schultz*, however, involved a claim for legal malpractice where the
8  attorney defendant had charged the plaintiff attorney fees in excess of the legal limit set by
9  California law.  In *Smith*, the defendant's sale of securities to the plaintiff was held void because
10 defendant lacked the permit required to sell such securities.  Here, there is no allegation that
11 Plaintiff's contract with Defendant Fidelity was void.  While, as Plaintiff alleges, the "secret
12 kickback arrangement" between Fidelity and the third-party title agent may have been illegal, the
13 contract between Plaintiff and Defendant was valid.  The Court is not satisfied that Defendant is
14 in any way "indebted" to the Plaintiff.

### 3.2     The Claim for Unjust Enrichment

18       The essential elements of a claim for unjust enrichment are the "receipt of a benefit" and
19 the "unjust retention of the benefit at the expense of another." *Lectodryer v. Seoul Bank*, 77 Cal.
20 App. 4th 723, 726 (2000).  The Ninth Circuit has held that "[t]here is no equitable reason for
21 invoking restitution when the plaintiff gets the exchange which he expected." *Comet Theatre*
22 *Enterprises, Inc. v. Cartwright*, 195 F.2d 80, 83 (9th Cir. 1952).
23       While Defendant did receive a "benefit" in the form of payment from the Plaintiff, there
24 was nothing unjust about its retention of that benefit.  Plaintiff got exactly the exchange which
25 he expected: a title insurance policy in exchange for the agreed-upon price.  Plaintiff does not
26 allege that he paid more for the insurance policy than he would have without the alleged referral
27 fee.  Plaintiff cites *Hirsch v. Bank of America, N.A.*, 107 Cal. App. 4th 708, 721-22 (2003), a case
28 in which the court held that property owners stated a valid claim for unjust enrichment "based on

the defendant banks' unjustified charging and retention of excessive fees which title companies passed to them." (Opposition 25:6-8.) Here, however, there is no allegation of such excessive fees. Because Plaintiff was charged a fee set by a rate schedule, he would have paid the same price with or without the alleged referral fee. Under the facts alleged by Plaintiff, the Court is satisfied that Defendant did not unjustly retain Plaintiff's money.

### 3.3 Conclusion

Plaintiff has not stated a claim for money had and received or unjust enrichment. The Court thus GRANTS Defendant's Motion to Dismiss as to the Fourth Claim for Relief.

## DISPOSITION

Because Plaintiff has not sufficiently alleged that he suffered an "injury in fact" or that Defendant's retention of the agreed-upon price for his title insurance policy was unjust, his Second and Fourth Claims for Relief must fail. Plaintiff's Third Claim for Relief fails for the simple reason that the CLRA does not apply to sales of insurance. The Court thus GRANTS Defendant's Motion to Dismiss as to Plaintiff's Second, Third, and Fourth Claims for Relief with leave to amend.

IT IS SO ORDERED.

DATED: September 15, 2008

_____
Andrew J. Guilford
United States District Judge